

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
November 18, 1969

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas

Dear Sir:

Opinion No. M-510

Re: Authority of Harris County
Hospital District to exe-
cute a lease contract
obligating future revenues.

In your request for an opinion you state the following:

"The Harris County Hospital District was created under the provisions of Article 4494n, Vernon's Civil Statutes. Attorney General's Opinion No. M-223 (1968). The administrator of such District has requested an opinion regarding the legality of entering a leasing contract for a complete X-Ray equipment system for the District's hospitals.

"Among the terms set out in the attached lease conditions accompanying the opinion request was the following provision:

'LEASE PERIOD: The initial lease contract period shall be 60 months, with option to renew for 24 months....'

"It is contemplated that the contract rental will be paid either monthly or yearly. The fiscal or budget year of the Hospital District runs from April 1 to March 31 each year. Thus the contract in question, having a contract period of five years, would naturally require the Board of Managers of the Hospital District to obligate revenues of the District beyond those for the current fiscal or budget year.

"The question which we present, therefore, for your consideration and answer, is:

"May the Board of Managers of the Harris County Hospital District legally enter into a lease contract for an X-Ray Equipment system for a period of five years and thereby obligate future revenues of the Hospital District, i.e., revenues beyond those for the current fiscal or budget year?"

The Harris County Hospital District was created under the provisions of Article 4494n, Vernon's Civil Statutes. In Section 5b(a) of the statute, the Board of Managers of the Hospital District, with the approval of the Commissioners' Court, is given the power to lease equipment and all other facilities and services the Hospital District may require.

Article IX, Section 4, Constitution of Texas, which authorizes the creation of County Hospital Districts, expressly provides that the obligations of such districts shall never become a charge against the state of Texas and, therefore, the provisions of Section 49 of Article III, Constitution of Texas, regarding the debts of the State are not applicable. Furthermore, the provisions of Section 7 of Article XI of the Constitution relative to the debt of cities and counties do not apply, since a County Hospital District is a political subdivision of the State which is a different governmental body from that of a city or county. Bexar County Hospital District v. Crosby, 327, S.W.2d 445 (Tex.Sup. 1959); Attorney General Opinion No. WW-886 (1960). In your memorandum brief you state that in the lease contract the Hospital District will include a provision that such lease agreement is made contingent upon the availability of funds to be appropriated by the Board of Managers each fiscal or budget year of the contract period. In view of the foregoing, it is our opinion that the Hospital District may legally enter into such five year contract.

## S U M M A R Y

The Board of Managers of Harris County Hospital District may legally enter into a lease contract for an X-Ray equipment system for a period of five years

Hon. Joe Resweber, Page 3 (M-510)

if such lease agreement is made contingent upon
the availability of funds to be appropriated by
the Board of Managers each fiscal or budget year
of such five year period.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice Chairman

Gordon Cass
Alan Minter
Kenneth L. Nordquist
Linward Shivers

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant